NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROSE WOODS,** <br><br> Plaintiff, <br><br> v. <br><br> **PHILIP MURPHY,** <br><br> Defendant. | Civil Action No. 22-4284 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon a Motion to Dismiss ("the Motion") filed by Defendant Philip Murphy ("Defendant") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 4.) Defendant filed a brief in support of the Motion. ("Moving Br.", ECF No. 4-1). Plaintiff Rose Woods ("Plaintiff") did not file opposition to Defendant's Motion. The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion.

---

[1] For the sake of brevity, all references herein to "Rule" will be to the Federal Rules of Civil Procedure.

1

**I.      FACTUAL AND PROCEDURAL BACKGROUND**[2]

On February 17, 2022, Plaintiff, proceeding in this matter *pro se*, filed a Complaint against Defendant alleging violations of federal laws. ("Compl.", ECF No. 1 at PAGE ID 6–10.) On June 27, 2022, Defendant removed the action to this Court. (*Id*. at PAGE ID 1– 4.)

Plaintiff alleges that Defendant unlawfully terrorized her and threatened her civil rights with Executive Orders ("EOs") 252 and 283. (Compl. at PAGE ID 7.) Plaintiff claims Defendant threatened intrusion of her body with unknown, experimental invasive substances. (*Id*.)

Plaintiff alleges that Defendant has chosen to violate 18 U.S.C. § 2331, subsection 802 of the Patriot Act. (*Id*.) She claims that she "[does] not choose to have covid vaccinations nor choose to be forced to have it by means of coercion of get vaxxed or get fired." (*Id*.) Plaintiff alleges Defendant violated Plaintiff's Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendment rights. (*Id*.)

On July 19, 2022, Defendant filed the instant Motion seeking dismissal of the Complaint pursuant to Rules 12(b)(1) and 12(b)6). (ECF No. 4.)

**II.     LEGAL STANDARD**

  **A.     Federal Rules of Civil Procedure 12(b)(1)**

Standing under Article III of the United States Constitution is an element of subject matter jurisdiction. *See Hartig Drug Co. Inc. v. Senju Pharm. Co*., 836 F.3d 261, 269 (3d Cir. 2016). Under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("*Schering Plough*"). "A motion to dismiss for want of standing is . . .

---

[2] For purposes of this motion, the Court will take all facts alleged in the Amended Complaint as true. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992).

properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

When considering a Rule 12(b)(1) standing challenge, the Court must determine whether the attack is facial or factual. *Schering Plough*, 678 F.3d at 243. "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because . . . it does not present a question of federal law, or because . . . some other jurisdictional defect is present." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("*Aichele*"). When reviewing a facial attack, a "court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Although the plaintiff bringing an action in federal court bears the burden of establishing jurisdiction, upon reviewing a facial attack, a "court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Factual attacks, in contrast, argue that subject matter jurisdiction is improper "because the facts of the case . . . do not support the asserted jurisdiction." *Aichele*, 757 F.3d at 358. The presumption of truth does not extend to factual attacks, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. Courts are permitted, however, to weigh and consider facts "outside the pleadings" to decide whether subject matter jurisdiction is proper. *Aichele*, 757 F.3d at 358.

### B.     Unopposed Motions to Dismiss

The deadline for Plaintiff to oppose Defendant's motion to dismiss has elapsed, and Plaintiff has failed to file any opposition. However, the Court is nevertheless required to address a defendant's motion to dismiss on the merits even if it is unopposed by a plaintiff. *See Jones v.*

3

*Unemployment Comp. Bd. of Review*, 381 F. App'x 187, 189 (3d Cir. 2010); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

### C.     Liberal Construction of *Pro Se* Pleadings

As noted above, Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs*, 655 F.3d at 339 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ). "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the courts'] ... flexibility.... [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### III.    DISCUSSION

"To establish constitutional standing, 'a plaintiff must show (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,

4

528 U.S. 167, 180-81 (2000)). If a litigant does not meet these requirements, the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

Defendant argues that Plaintiff lacks Article III standing. (Moving Br. at 10.) Specifically, Defendant argues that Plaintiff cannot establish an injury-in-fact. (*Id*. at 12.)

For an injury to be cognizable, it must not be "too speculative" and must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted). "[A]llegations of possible future injury" are insufficient. *Id*. (internal quotation marks omitted).

Plaintiff must show that the threat of injury-in-fact is "actual and imminent, not conjectural or hypothetical." *ZF Meritor, LLC v. Eaton Corp*., 696 F.3d 254, 301 (3d Cir. 2012) (quoting *Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009)). "A threatened injury must be certainly impending and proceed with a high degree of immediacy." *Reilly v. Ceridian Corp*., 664 F.3d 38, 42 (3d Cir. 2011); *see also Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (explaining that imminence requirement "ensures that courts do not entertain suits based on speculative or hypothetical harms").

Liberally construing the Complaint, there are no allegations of an injury personal to Plaintiff or to others. While Plaintiff indicates in her Complaint that she is an "RN," she does not allege that she is, or was, employed by any covered healthcare setting subject to EO 283[3]. Notably, Plaintiff does not allege that she was forced to be vaccinated against COVID-19, has been fired due to a COVID-19 vaccination requirement, or has suffered economic harm or even speculative harm. Rather, Plaintiff alleges that the Executive Orders threaten "taking away [her] bodily

---

[3] EO 283 requires healthcare settings to maintain a policy requiring covered workers to provide proof of their COVID-19 vaccination. See Moving Br. at 6, citing EO 283

autonomy and [her] right to earn an income and financially provide for [her]self." (Compl. at PAGE ID 7.)  The Complaint does not allege that Plaintiff suffered an injury in fact; Plaintiff merely alleges the threat of rights being taken away.  Accordingly, the Complaint fails to plead sufficient facts to demonstrate Plaintiff has sustained an injury-in-fact.  She therefore lacks Article III standing.  Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's claims.  *See Hartig Drug Co. Inc.,* 836 F.3d at 269.

### IV.   CONCLUSION

For the reasons stated above, the Court will GRANT the Motion and DISMISS the Complaint WITHOUT PREJUDICE.  The Court will also permit Plaintiff another opportunity to plead her claims by granting leave to file an Amended Complaint within 30 days to cure the deficiencies stated herein.

Date: **March 31, 2023**

                                       s/ Zahid N. Quraishi
                                       **ZAHID N. QURAISHI**
                                       **UNITED STATES DISTRICT JUDGE**